IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:   4:08cr44/SPM/GRJ
                                                    4:13cv563/SPM/GRJ

ALI HAMMOUD

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 65.)  The Government has moved

to dismiss Defendant's motion (Doc. 66) and Defendant has responded. (Doc. 67.)[1]

After a careful review of the record and the arguments presented, the Court concludes

that the Government's motion to dismiss is well-taken and that Defendant's § 2255

motion should be denied and dismissed without a hearing.  *See* Rules Governing

Section 2255 Cases 8(a) and (b).

### PROCEDURAL BACKGROUND[2]

On August 26, 2008, Defendant was charged in a five count indictment with four

counts of Wire Fraud Affecting a Financial Institution (Counts One through Four) and a

single charge of Aggravated Identity Theft ("Count Five"). (Doc. 15.)

---

[1] Defendant's response was filed through counsel although no notice of appearance was filed by counsel in this case.

[2] Detailed statements of facts describing the offense conduct, which involved over $5,700,000, are set forth in the Statement of Facts signed at the time Defendant entered into his plea agreement and summarized by the court at Defendant's rearraignment (*see* Docs. 34, 63).

On March 18, 2009, Defendant signed a written plea agreement, statement of facts, and supplement (*see* Docs 34–36). United States Magistrate Judge William Sherrill held a change of plea hearing on that same date. (Docs. 32, 37). Following the hearing, Judge Sherrill entered a written recommendation that the district court accept the plea agreement and Defendant's plea of guilty. (Doc. 37). Judge Sherrill specifically found that there was a factual basis for Defendant's plea, that the plea was knowing and voluntary, and that the plea was not the result of threats or promises "except for promises contained in the written plea agreement between the parties." (Doc. 37 at 2.)[3] Defendant filed no objections to the magistrate judge's report and recommendation, and the district court adopted the recommendation and accepted the plea. (Doc. 38.) The court sentenced Defendant on August 17, 2009 to concurrent terms of 85 months imprisonment on Counts One through Four, followed by a consecutive term of 24 months imprisonment on Count Five. (Doc. 48.) Defendant did not appeal.

The instant motion to vacate was filed on October 8, 2013 pursuant to the prison mailbox rule.[4] Defendant raises three grounds for relief in his motion. He contends

---

[3] This statement is supported by the assurances of Defendant, his attorney, and the United States Attorney at the rearraignment proceeding that "there have been no promises made to [Defendant] other than are in writing and these two plea agreements" (doc. 63 at 33). Counsel also clearly stated on the record that Defendant understood that there was no guarantee that Defendant would receive either a 5K1 motion or a Rule 35 motion (doc. 64 at 4). Defendant indicated that he understood (*id*. at 5). The court later reiterated that if the Government did not file the motion, there was no way the district court could make the Government do so, and Defendant again stated that he understood (*id*.).

[4] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557

that: (1)  he is "actually innocent" of Count Five and thus his plea was invalid and

involuntary; (2) counsel was constitutionally ineffective for failing to make appropriate

arguments at sentencing; and (3) the Government breached the plea agreement by

failing to file a Rule 35 motion, and that it "wrongly induced" him into entering the plea

agreement.  The Government has moved to dismiss the § 2255 motion as untimely.

## LEGAL ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of

motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United
> States is removed, if the petitioner was prevented from making a motion
> by such governmental action;
> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Defendant did not appeal, and thus his conviction became final for

the purposes of the limitations period on September 11, 2009.  *See* Fed. R. App. P.

4(b)(1)(a), 26(a) (2008).[5]  The instant motion was not filed until October 11, 2013 and

---

F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's
court filing is deemed filed on the date it is delivered to prison authorities for mailing);
Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to
the contrary, court assumes that a pro se petition is delivered to prison authorities for
mailing the date it was signed).

[5] The version of the rule in effect at the time of Defendant's sentencing afforded a
criminal defendant   ten days in which to file an appeal, but excluded intermediate
Saturdays and Sundays in that computation.  The rule was amended in 2009 to afford a

thus is facially untimely under § 2255(f)(1). Defendant asserts that the Government's failure to file a substantial assistance motion tolled the time for filing the instant motion and that his "actual innocence" excuses procedural defaults or delay. (Doc. 65 at 12).

Defendant first asserts that the motion is timely filed because it was filed within one year after he received the Government's letter informing him that a rule 35 motion would not be filed. This argument is without merit. Even if Defendant had waited to challenge his sentence until after a Rule 35 motion was filed, he still would have been subject to the one year time limitation, regardless of the disposition of such motion. The Eleventh Circuit has held that a reduction of a Defendant's term of imprisonment pursuant to Rule 35 for substantial assistance has no impact on the limitations period for filing a motion to vacate. Murphy v. United States, 634 F.3d 1303, 1309–10, 1314 (11th Cir. 2011); see also Quinones v. United States, 2009 WL 4667445 (M.D. Fla. Dec. 3, 2009) (Rule 35 motions do not toll the limitations period) (citing Peterson v. United States, 2008 WL 4488909, at *1 (E.D.Mo. Oct.1, 2008); Gregory v. United States, 2008 WL 4980397, at *2 (W.D.N.C. Nov.24, 2008)).

Defendant's reliance upon United States v. Al-Arian, 514 F.3d 1184 (11th Cir. 2008) in support of his argument that his motion should be considered timely filed is unpersuasive, as Al-Arian is distinguishable from the facts of this case. In Al-Arian the court held that a § 2255 motion may be used to enforce promises made in a plea agreement. 514 F.3d at 1191. The defendant in Al-Arian claimed that he had pleaded

---

fourteen day period in which to appeal, and include intermediate Saturdays, Sundays and legal holidays. As a practical matter, in most instances, the expiration date for filing the appeal was the same under either method of calculation.

guilty in reliance on the government's alleged promise never to require his cooperation in any future capacity.  The government subpoenaed Mr. Al-Arian to testify in another proceeding in alleged violation of this agreement, and Al-Arian filed his motion within one year of the date on which he was subpoenaed.  *Id*.  The court noted that "if the government actually made and breached such a promise, Al-Arian is serving a federal sentence in violation of his constitutional due process rights."  *Id*.; *see also* Bischel v. United States, 32 F.3d 259 (7th Cir. 1994) ("If the government did in fact promise [defendant that it would file] a Rule 35(b) motion and [defendant] relied on that promise to his detriment . . . he would have satisfied the jurisdictional requirement" of 28 U.S.C. § 2255").  In this case, however, as discussed above, the record is abundantly clear that Defendant was never promised or guaranteed that a Rule 35 motion would be filed.  His hope or expectation of same is not tantamount to a promise.

The decision to file a substantial assistance motion is a matter of prosecutorial discretion.  United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000); United States v. Orozco, 160 F.3d 1309, 1315 (11th Cir. 1998); United States v. Forney, 9 F.3d 1492, 1501 (11th Cir. 1993).  The government has a power, not a duty, to file such a motion when a defendant has substantially assisted.  Wade v. United States, 504 U.S. 181, 185 (1992).  Even plea agreements that require the government *to consider* whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion.  Forney, 9 F.3d at 1499–1500.  Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of

a constitutionally impermissible motivation, such as race or religion.  Wade, 504 U.S. at

185–86; United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009); Nealy, 232 F.3d

at 831. Although Defendant makes a conclusory assertion that the Government was

biased against him due to his "ethnic background" (see Doc. 65 at 7),[6] he has not made

a "substantial threshhold showing" which would warrant discovery or an evidentiary

hearing on this issue.  See Wade 504 U.S. at 186; Dorsey, 554 F.3d at 961 (citing

Wade and Forney, 9 F.3d at 1502).

Defendant also claims that his procedural default should be excused because he

is actually innocent of Count Five in this case.  He asserts that "[t]he factual basis and

the facts in this matter ... do not meet the elements of the offense." (Doc. 67 at 5.)

While it is true that a credible claim of actual innocence can supersede the statute of

limitations, see McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), that is not precisely the

claim Defendant raises herein.  As the Supreme Court has stated, "'actual innocence'

means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523

U.S. 614, 623–24  (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)); see also

McKay v. United States, 657 F.3d 1190, 1197–98 (11th Cir. 2011).  Defendant's claim

is that the blending of corporate and individual identity precludes his conviction of

identity theft, because the individual whose identity was used to perpetuate the fraud

was a part of a corporation, and the theft was therefore of corporate, rather than

individual identity.  This is not a true claim of actual innocence.

---

[6] Mr. Hammoud is a Lebanese national.

Furthermore, a knowing and voluntary plea of guilty waives all non-jurisdictional defects in the proceeding.  *See* United States v. Ternus, 598 F.3d 1251, 1254 (11th Cir. 2010) (citing United States v. Viscose, 144 F.3d 1365, 1370 (11th Cir. 1998)); United States v. Torres, 504 F. App'x 810 (11th Cir. 2013) (citing United States v. Tomeny, 144 F.3d 749, 751 (11th Cir. 1998)) (same); United States v. Fairchild, 803 F.2d 1121, 1124 (a guilty plea admits all the elements of a formal criminal charge and waives all nonjurisdictional defects in the proceedings).  "Whether a claim is jurisdictional depends upon whether the claim can be resolved by examining the face of the indictment or the record at the time of the plea without requiring further proceedings."  United States v. Saac, 632 F.3d 1203, 1208 (11th Cir. 2011) (internal quotations omitted) (citing Tomeny, 144 F.3d at 751).  A defendant's challenge to the legal sufficiency of the indictment including the constitutionality of the statute under which he is convicted is jurisdictional.  Saac, 632 F.3d at 1208.  On the other hand, a sufficiency of the evidence argument is not a jurisdictional argument and therefore is waived with a defendant's guilty plea.  Ternus, 598 F.3d at 1254 (citing Viscose, 144 F.3d at 1370 (concluding that the defendant waived his right to challenge the sufficiency of the government's evidence regarding the interstate nexus element in 18 U.S.C. § 844(i) by pleading guilty); *see also* Alikhani v. United States, 200 F.3d 732, 734-35 (11th Cir. 2000) (noting that 18 U.S.C. § 3231 gives district courts subject matter jurisdiction over "all offenses against the laws of the United States" and that once a defendant pleads guilty, the defendant's conviction cannot be challenged on the grounds that there was insufficient evidence of jurisdictional facts); United States v. Carr, 271 F.3d 172, 178 (4th Cir.2001)

(noting that "a claim of an insufficient connection to interstate commerce is a challenge to one of the elements of the government's case and is therefore considered a claim about the sufficiency of the evidence") (alteration and internal quotation marks omitted); *id*. (stating that "[t]he interstate commerce element of [18 U.S.C.] § 844(i) implicates the power of Congress to regulate the conduct at issue, not the jurisdiction of the court to hear a particular case"); <u>Torres</u>, 504 F. App'x 814 (argument regarding insufficient evidence is non-jurisdictional and waived by guilty plea).  Defendant's assertion that the facts in his case do not support a finding of guilt with respect to Count Five of the indictment alleges a non-jurisdictional defect that was waived by entry of his guilty plea.

## Conclusion

For all of the foregoing reasons, the court finds that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is untimely, and that Defendant has failed to show his entitlement to proceed in this matter.  Therefore, the Government's Motion to Dismiss should be granted and  Defendant's § 2255 motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The Government's motion to dismiss Defendant's § 2255 (Doc. 66) should be **GRANTED**.

2.  Defendant's motion to vacate, set aside, or correct sentence (Doc. 65) should be **DENIED** and **DISMISSED**.

3.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 9th  day of January, 2014.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.:  4:08cr44/SPM/GRJ; 4:13cv563/SPM/GRJ

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; **United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).